**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Leonard Fridall Terry ANTOINE,
Defendant—Appellant.**

**No. 02–30008.
D.C. No. CR–01–00034–TSZ.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Jan. 31, 2003.

Before REAVLEY,* KOZINSKI and W. FLETCHER, Circuit Judges.

### MEMORANDUM**

Whether application of a federal law violates RFRA is a question of statutory construction for the court, not a question of fact for the jury. *United States v. Hugs*, 109 F.3d 1375, 1379 (9th Cir.1997). Antoine's proposed "religious freedom defense" instruction was therefore erroneous. Nor did the district court abuse its discretion in excluding evidence of Antoine's religious purpose. Once Antoine's RFRA challenge was rejected, his religious purpose became irrelevant. *Id.*; Fed.R.Evid. 402.

Any error in excluding evidence that Antoine's transactions were not sales was harmless. BGEPA prohibits both the sale and the possession of eagle parts, and

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a jury finding that Antoine sold eagle parts would necessarily imply, on the evidence presented, that he also possessed those parts. Antoine did not request a separate finding on possession, nor did he seriously contest it. Whether or not the exchanges were sales was therefore immaterial to whether Antoine violated BGEPA.

■ Any abuse of discretion in admitting evidence of eagle carcasses that Antoine stored in Canada was harmless. Antoine's defenses were that he had a religious purpose and that his transactions were potlatch exchanges rather than sales. Antoine did not seriously contest that he imported eagles and possessed them in the United States without a permit, as the indictment charged. As discussed above, his religious purpose was not a jury issue and any misclassification of potlatch exchanges as sales was harmless. With or without the evidence of Antoine's eagles in Canada, any jury faithfully applying the law would have found him guilty as charged.

■ The district court's removal for cause of Juror No. 24 was not an abuse of discretion. The district court did not dismiss the juror "based solely on [the juror's] acknowledgment that [he] disagree[d] with the state of the law that governs the case." *United States v. Padilla–Mendoza*, 157 F.3d 730, 733 (9th Cir. 1998). On the contrary, the juror repeatedly stated that he could not be fair to the government and recanted only after questioning by defense counsel. The court reasonably concluded that, notwithstanding this ultimate concession, the juror's earlier statements raised doubts about his impartiality. The court was not required to question the juror further, because grounds for dismissal were apparent from the responses to counsels' questions.

■ The district court did not err in refusing to adjust Antoine's sentence for acceptance of responsibility. Unlike the defendant in *United States v. McKittrick*, 142 F.3d 1170, 1178 (9th Cir.1998), Antoine contested his factual culpability by arguing that he had engaged in potlatch exchanges rather than sales. This defense had little practical effect because he was also guilty of possession, but he nonetheless contested the "sale" element of his crime and so is not entitled to adjustment for acceptance of responsibility.

We address Antoine's RFRA challenge in a separately filed opinion.

**AFFIRMED.**